FILED'10 JAN 11 15:59 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 92-162-MA |
| Plaintiff, | ORDER |
| v. | |
| NORMAN LEE BROWN, | |
| Defendant. | |

MARSH, Judge.

The matter is before the court on defendant's motion to take judicial notice (doc. 255) and his motion to amend sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 256). The court **denies** defendant's motion to take judicial notice that this court now has subject matter jurisdiction to decide defendant's motion to amend and, accordingly, **denies** defendant's motion to amend.

1 - ORDER

## BACKGROUND

In 1993, following defendant's conviction for distribution of crack cocaine, this court sentenced defendant to a 210-month term of imprisonment to be followed by an 8-year term of supervised release which began on March 3, 2003. In March 1995, the court reduced defendant's sentence to 151 months.

On December 22, 2005, the court issued an order revoking defendant's supervised release after he admitted to committing new offenses of Assault II and Attempt to Elude and to violating the terms of his supervised release by using alcohol to excess and controlled substances, and failing to submit to drug tests.

The court sentenced defendant to 22 months imprisonment, to be served consecutive to a Washington state sentence, and a five-year term of supervised release with conditions that defendant not possess or consume alcohol, participate in a drug treatment program, and submit to eight urinalysis tests a month in addition to those required by any drug treatment facility.

In May 2008, defendant violated the terms of his supervised release by possessing cocaine and failing to submit to urinalysis testing. On June 20, 2008, the court revoked defendant's supervised release based on these violations and sentenced him to 21 months imprisonment and a three-year term of supervised release under 18 U.S.C. § 3583(h), that required him to participate in a residential reentry center program and an

inpatient drug treatment program for a period not to exceed 180 days. On June 24, 2008, the court issued a written Order to that effect (doc. 243).

Defendant filed a Notice of Appeal to the Ninth Circuit (doc. 242). The Ninth Circuit issued a memorandum decision on April 21, 2009, affirming this court's Order on the ground that the record "discloses no arguable grounds for relief on direct appeal."

In the meantime, during the pendency of his appeal to the Ninth Circuit, defendant filed a Motion to Amend, challenging this court's imposition of an additional term of supervised release and requesting his sentence be amended under 18 U.S.C. § 3582(c). This court denied the motion for lack of subject matter jurisdiction because the appeal to the Ninth Circuit was still pending. (Doc. 252). After the Ninth Circuit adversely decided his appeal, defendant refiled the Motion to Amend and asks the court to assert jurisdiction and reduce his sentence.

## DISCUSSION

In 2007, the United States Sentencing Commission amended the Sentencing Guidelines to reduce the base offense level for certain crack cocaine offenses, such as the type of offense on which defendant's original conviction was based. Pursuant to 18 U.S.C. § 3582(c)(2), the sentencing court may reduce a term of imprisonment once it has been imposed under certain limited

3 - ORDER

circumstances, including the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id.

The Ninth Circuit, however, recently held that Section 3582(c)(2) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release," and thus, "the district court [is] without jurisdiction to reduce [the] sentence" it imposed following the revocation of Morales's supervised release. United States v. Morales, No. 09-30047, 2010 WL 10983 (Jan. 5, 2010), 2010 WL 10983 *1-3. See also United States v. Fontenot, 583 F.3d 743, 744-745 (10th Cir. 2009), and United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009), cert. denied, 129 S. Ct. 2817 (2009).

## CONCLUSION

For these reasons, the court **denies** defendant's motion to amend sentence or in the alternative, for a Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED this  //  day of January, 2010.

*[signature]*
MALCOLM F. MARSH
United States District Judge

4 - ORDER